UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   **NOT FOR PUBLICATION**

ROMAN CICADAS BEY ex relation to
DERRICK ROMON YOUNG,

                        Plaintiff,         **MEMORANDUM & ORDER**
  -against-                                 18-CV-3935 (PKC) (RER)

ACS Lawyer d/b/a CAROLINE IRVIN,
LAUREN WOLFINGER, ESQ.

                        Defendants.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On July 5, 2018, Plaintiff Roman Cicadas Bey, also known as Derrick Romon Young, appearing *pro se*, filed this action against two lawyers, Caroline Irvin and Lauren Wolfinger, who appear to be involved in a pending Kings County Family Court proceeding under case number NN-30945-17 before Judge Alison Hamanjian.[1] Plaintiff's application to proceed *in forma pauperis* ("IFP") is denied as set forth below. The Court directs Plaintiff to pay the filing fee of $400 or file an amended IFP application within fourteen (14) days of the date of this Order in order to proceed with this action.

The purpose of Section 1915 of Title 28 of the United States Code ("IFP statute") is to ensure that indigent persons have equal access to the judicial system. *Davis v. N.Y.C. Dep't of Educ.*, No. 10-CV-3812 (KAM), 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. N.Y.C. Health & Hosp. Corp.*, No. 07-CV-1531 (BMC), 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The IFP statute authorizes a court to dismiss a case brought by a

---

[1] Plaintiff is advised that this Court cannot intervene in a pending state court case. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *see also Sprint Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013).

plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Effective May 1, 2013, an additional $50 fee is now required for a total fee of $400. Whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Cabey v. Atria Senior Living*, No. 13-CV-3612 (KAM), 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014).

Here, the Court cannot rule on Plaintiff's IFP request because he has failed to complete the IFP application. Instead, Plaintiff indicates that he is "exempt" from questions related to his employment, including his gross pay and take home pay, and fails to answer the remaining questions, contending that the application contains "to[o] many private questions." (IFP Application, Dkt. 2, at 1-2.) Consequently, Plaintiff's IFP application fails to demonstrate that he is unable to pay the filing fee to commence this action. Accordingly, Plaintiff's request to proceed IFP is denied.

The Court also notes that even if Plaintiff pays the filing fee, the Court may dismiss the complaint if it lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), or if the complaint is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits.")

**CONCLUSION**

Plaintiff must pay the $400 filing fee to the Clerk of Court or file an amended IFP application within fourteen (14) days of the entry date of this Order in order to proceed with this action. If Plaintiff files an amended IFP application, he must clarify whether he is currently employed by providing the employer's name and address, as well as the amount of his gross pay

and take home pay per week.  Plaintiff must complete all the questions on the application, including the source and amount of any other income, such as unemployment insurance payments, retirement payments, or public assistance benefits.  All further proceedings shall be stayed for fourteen (14) days or until Plaintiff has complied with this Order.  If Plaintiff fails to comply with this Order within the time allowed, the case shall be dismissed without prejudice.

   The Clerk of Court is respectfully directed to send an IFP application to Plaintiff along with this Order.

                SO ORDERED:

                */s/ Pamela K. Chen*
                Pamela K. Chen
                United States District Judge

Dated: Brooklyn, New York
    July 12, 2018