```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROMAN CICADAS BEY ex rel. DERRICK
ROMON YOUNG,                                    NOT FOR PUBLICATION

                        Plaintiff,              MEMORANDUM AND ORDER
            - against -                         18-CV-3935 (PKC) (RER)

ACS LAWYER d/b/a CAROLINE IRVIN and
LAUREN WOLFINGER, ESQ.,

                        Defendants.
----------------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

On July 5, 2018, Plaintiff Roman Cicadas Bey, also known as Derrick Romon Young, appearing *pro se*, filed this action against two lawyers, Caroline Irvin and Lauren Wolfinger.[1] Plaintiff's amended request to proceed *in forma pauperis* ("IFP"), submitted August 13, 2018, is granted pursuant to 28 U.S.C. § 1915. This action is dismissed without prejudice for lack of subject matter jurisdiction, but with leave to amend as set forth below.

## BACKGROUND

The following information is drawn from Plaintiff's complaint, attached documents and "Affidavit of Claim,"[2] the allegations of which are assumed to be true for purposes of this Memorandum and Order. The more than sixty pages of documents attached to the complaint and the "Affidavit of Claim" are difficult to follow as they largely consist of documents related to

---

[1] Defendants appear to be lawyers involved in a pending Kings County Family Court proceeding before Family Court Judge Alison Hamanjian. Additional Defendants are named in Plaintiff's Affidavit of Claim. (*See* Dkt. 7, at ECF 17.) "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] Attached to Plaintiff's amended IFP application, Plaintiff submits an Affidavit of Claim that purportedly includes additional Defendants and demands, including monetary damages, related to his Family Court proceedings. (*See* Dkt. 7, at ECF 17.) The Court liberally construes the "Affidavit of Claim" as Plaintiff's amended complaint.

Plaintiff's membership in the Numi Aboriginal Tribal Nations and other Moorish Nation documents. Plaintiff alleges that his "rights to [his] indigenous child [were] stripped by ACS lawyer[s] in Family Court proceedings," (Compl., Dkt. 1, at ECF 5), and requests transfer of the Family Court proceedings to a "Tribal Tribunal." Plaintiff has pending cases in Kings County Family Court ("Family Court") under case numbers NN-30944-17, NN-30945-17, NN-30946-17, NN-30947-17. Plaintiff attaches a letter dated June 17, 2018 that was submitted in the Family Court proceeding requesting that all cases involving a Numi Indigenous Aboriginal Tribal member be transferred to the Numi Council Board for resolution. (*Id.* at ECF 18.) Plaintiff does not provide the result of that request, but it was evidently denied because the cases remain in Kings County Family Court. Plaintiff seeks damages and, *inter alia*, to "honor dissolution decree for divorce" and "return child" to Plaintiff. (Dkt. 7, at ECF 27)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. Although the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

2

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Lastly, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## **DISCUSSION**

Plaintiff alleges that subject matter jurisdiction exists based on federal question, 28 U.S.C. § 1331, for the alleged violations of international treaties and statutes and under diversity of citizenship, 28 U.S.C. § 1332, based on Plaintiff's "Tribal Citizenship as a NUMI Aboriginal" from the "Theocratic Kingdom for Moorish Americans." (Dkt. 7, at ECF 19.) The subject of Plaintiff's complaint, however, is one over which this Court has no jurisdiction. In his complaint, Plaintiff appears to be complaining about domestic relations issues, namely, state Family Court divorce and child custody proceedings.

The Supreme Court has recognized a domestic relations exception to subject matter jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States[.]" *In re Burrus*, 136 U.S. 586, 593-94 (1890). This principle "is equally applicable whether jurisdiction is asserted under § 1331 or § 1332," *Tait v Powell*, 241 F. Supp. 3d 372, 376 (E.D.N.Y. 2017) (citation omitted). Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders regarding child custody. *See Martinez v. Queens Cty. Dist. Att'y,* 596 F. App'x 10, 12 (2d Cir. 2015); *Schottel v. Kutyba*, No.

06-1577-cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (unpublished) ("a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages."); *see Ruchinsky v. Devack*, No. 14-CV-2219 (SLT), 2014 WL 2157533, at *9 (E.D.N.Y. May 23, 2014) ("While *Ankenbrandt* did not expressly state that the domestic relations exception extends to child support decrees, the Second Circuit has stated that 'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child'[,] . . . [courts] generally decline jurisdiction pursuant to the matrimonial exception.") (citation omitted); *Ashmore v. New York,* No. 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack[ ] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children.'" (alterations in original) (citation omitted).

Even if the Court had subject matter jurisdiction in this case, it would likely abstain from exercising it, because a federal court cannot intervene in a pending state court case or grant injunctive relief in an ongoing state court action. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 354 (E.D.N.Y. 2014). *Younger* abstention extends to criminal proceedings, civil enforcement actions "akin to a criminal prosecution," and "civil proceedings involving certain order . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (internal quotation and citations omitted). A state-initiated proceeding to gain custody of children allegedly abused by their parents can be characterized as a state enforcement action akin to a criminal proceeding. *Id.* at 79 (citing *Moore v. Sims*, 442 U.S. 415 (1979)).

Here, it is unclear whether the proceedings in Family Court were initiated as part of a child custody dispute between the parents or whether the custody issue was initiated by the state for alleged neglect. If the former, this Court does not have jurisdiction over Plaintiff's claims in

4

Family Court pursuant to the domestic relations exception. If the latter, this Court cannot intervene in the pending Family Court proceedings absent extraordinary circumstances. In his current complaint, Plaintiff has not alleged any extraordinary circumstances that would warrant intervention in the Family Court proceedings, but he will be allowed to amend for this reason.

## CONCLUSION

Accordingly, this action, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction pursuant to the domestic relations exception. Fed. R. Civ. P. 12(h)(3). To the extent Plaintiff seeks this Court's intervention or injunctive relief in an ongoing state court proceeding, the Court abstains pursuant to the *Younger* abstention doctrine. Nonetheless, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days from the entry of this Order, in the event he can allege extraordinary circumstances that would warrant the Court's exercise of subject-matter jurisdiction under *Younger*.

If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-3935 (PKC) (RER). The amended complaint shall replace the original complaint. All further proceedings shall be stayed for 30 days. Plaintiff must provide facts to support a claim against each Defendant named in the amended complaint, including the date and location of the events at issue, a description of what each Defendant did or failed to do, and the relief requested.

If Plaintiff fails to file an amended complaint within the time allowed, the Court shall enter judgment dismissing this action for the reasons set forth above. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to send Plaintiff general complaint instructions with a form complaint.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
       September 17, 2018