UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROMAN CICADAS BEY,

                              Plaintiff,

            - against -

ELIZABETH BARNETT, JFC; HON. ALISON
HAMANJIAN; CAROLINE IRVIN, ESQ.;
LAUREN WOLFINGER; DAVID A. HANSELL,
Commissioner; Spel. Asst Corp. Counselor ALAN
SPUTZ, Supervising Atty IAN SANGENITO;
Corp. Counselor ZACHARY W. CARTER; ACS
Agent BRENDA KASSIM; ACS Mgr CAMELIA
VASSELL; DANNETT ALICIA MEASUA, a.k.a.
DANNETT ALICIA YOUNG; Deputy Clerk
JOYCE HOPSKINS; Asst. Atty. to the Judge
CHERYL MONTGOMERY; Court Atty. ZENA
HARDY, ESQ.; and AVINASH MAHARAJI, ACS
Supervisor,

                              Defendants.
------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
18 CV 3935 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On July 5, 2018, Plaintiff Roman Cicadas Bey, appearing *pro se*, filed this action against Caroline Irvin and Lauren Wolfinger. By Memorandum and Order dated September 17, 2018 ("September Order"), the Court granted Plaintiff's amended request to proceed *in forma pauperis*, dismissed the action without prejudice for lack of subject matter jurisdiction, and granted Plaintiff leave to amend. On October 12, 2018, Plaintiff filed an amended complaint ("Am. Compl.") against fifteen defendants. For the reasons discussed below, the amended complaint does not alter the Court's conclusion that it lacks jurisdiction to intervene in Plaintiff's Kings County Family Court ("Family Court") case pending under docket numbers NN-30944-17, NN-30945-17, NN-30946-17, NN-30947-17. (*See* Am. Compl. at ECF[1] 3, ¶ 1.)

---

[1] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Plaintiff seeks damages along with injunctive and declaratory relief that would "[h]onor dissolution decree for divorce on the record" and "return child" to him and his wife (Am. Compl. at 8-9, ¶ 9.), Dannett Alicia Measua Young, who is inexplicably named as a defendant in this action. Neither Plaintiff's reliance on the Treaty of Peace and Friendship nor the proposed Sundry Free Moors Act of 2012 provides the Court with jurisdiction over this case challenging Family Court proceedings. *See, e.g.*, *Bey v. City of Rochester*, No. 11-CV-6457-CJS, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) ("Plaintiffs' claim that the Treaty [of Peace and Friendship] provides a basis for immunity from application of law is not plausible.").

The Supreme Court has recognized a domestic relations exception to subject matter jurisdiction that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). *See also Tait v Powell*, 241 F. Supp. 3d 372, 376 (E.D.N.Y. 2017) ("[T]he [domestic relations] exception is . . . understood to grant to federal courts the discretion to abstain from exercising jurisdiction over issues on the verge of being matrimonial in nature as long as full and fair adjudication is available in state courts." (quotation omitted)); *Neustein v. Orbach*, 732 F. Supp. 333, 339–40 (E.D.N.Y. 1990) (concluding that jurisdiction was lacking where "Plaintiff's sole purpose in bringing this domestic relations dispute to the federal courts [was] a frivolous attempt to engage the Court in a manner over which it ha[d] no jurisdiction").

Moreover, mandamus relief is not available as "federal courts have no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Plaintiff also cannot rely on criminal statutes set forth under Title 18 of the United States Code to establish

2

jurisdiction. A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("the decision to prosecute is solely within the discretion of the prosecutor"); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (affirming dismissal of claims brought under "criminal statutes that do not provide private causes of action").

Even if the Court had jurisdiction, Plaintiff has failed to allege any facts to show "extraordinary circumstances" that would warrant the Court's intervention in a pending state court case. *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Younger* abstention extends to "particular state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). Because Plaintiff fails to provide relevant information regarding the basis for the Family Court proceeding, the Court assumes for the purpose of this Order that the Administration for Children's Services initiated the Family Court proceeding, which, in that case, can be characterized as a state enforcement action akin to a criminal proceeding. *See Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) ("the *Younger* abstention doctrine and its progeny prohibit this Court from exercising jurisdiction over this [child custody] matter, which concerns an ongoing proceeding in state court"). Although given an opportunity to show extraordinary circumstances, Plaintiff fails to do so. Instead, he relies on conclusory claims such as "fraudulent contract," "kidnapping," "war crimes," and "domestic terrorism." (*See* Am. Compl. at 2, ¶ 2.)

## CONCLUSION

Accordingly, this action, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

3

therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: November 7, 2018
      Brooklyn, New York